UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN



---

SARAH CHERMAK,

Plaintiff,

v.

JUDGE PEGGY L. MILLER, Circuit Judge,

Marinette County Circuit Court,

Defendant.

Case No. _26-cv-637-jdp_

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(42 U.S.C. §1983 — Fourteenth Amendment, Due Process Clause)

### I. JURISDICTION AND VENUE

1. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. Jurisdiction is conferred pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. Venue is proper in this district pursuant to 28 U.S.C. §1391.

2. This action does not challenge the merits of any state court decision. No circuit court has adjudicated the merits of the underlying controversy. The constitutional injury complained of is the deprivation of the procedural right to obtain circuit court review through the de novo process provided by Wis. Stat. §799.207. The Rooker-Feldman doctrine does not apply.

3. Every available state mechanism has been pursued without result. The state court that is the source of the deprivation cannot provide the remedy sought. The conditions for the inadequacy of state remedies exception are satisfied. Younger v. Harris, 401 U.S. 37 (1971). Exhaustion of state remedies is not required. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## II. PARTIES

4. Plaintiff Sarah Chermak is a resident of Madison, Wisconsin 53719, appearing pro se. Haines v. Kerner, 404 U.S. 519 (1972).

5. Defendant Judge Peggy L. Miller is a Circuit Judge of the Marinette County Circuit Court, named solely in her official capacity for prospective declaratory and injunctive relief. No individual damages are sought. Ex parte Young, 209 U.S. 123 (1908).

## III. FACTS ESTABLISHED BY THE COURT RECORD

The following facts are established by documents and a certified transcript filed in Marinette County Circuit Court, Case No. 2023SC000777. No inference is required.

### A. Background

6. CoVantage Credit Union filed a small claims action against Plaintiff in Marinette County Circuit Court, Case No. 2023SC000777, in December 2023.

7. On February 27, 2024, Plaintiff appeared at a court hearing and provided PO Box 2151, Appleton, WI 54912 as her current mailing address. That address was recorded in the CCAP court management system.

### B. The Address Change and Court Notification

8. In May 2024, Plaintiff relocated from Appleton to Middleton, Wisconsin to provide care for a family member facing serious illness. Following that relocation, Plaintiff filed a United States Postal Service change of address and was successfully receiving forwarded mail at her Middleton location.

9. On May 29, 2024, Plaintiff filed a Motion for Change of Time in Case No. 2023SC000777, identifying her address as c/o 1426 N Westfield Road, Middleton, Wisconsin 53562. Court Commissioner Nancy J. Kallgren approved that motion on May 30, 2024 with a handwritten notation acknowledging Plaintiff's presence in the Middleton area. The CCAP docket confirms: "Motion for Change of Time Motion — APPROVED by Nancy Kallgren Court Commissioner 05-30-2024." Through that filing and approval, the court had actual knowledge of Plaintiff's Middleton address as of May 30, 2024.

10. Actual notice through a filed and approved court document is what the Due Process Clause requires. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The court was not required to formally update the CCAP address entry; it was required to use the address information in its possession for time-sensitive mailings.

## C. The Trial Proceeding — July 12, 2024

11. A court trial was held on July 12, 2024, before Commissioner Kallgren. The certified transcript of that proceeding was prepared by Official Court Reporter Dawn M. Alberts and certified on July 26, 2024.

12. The transcript establishes that Plaintiff appeared in person without counsel and raised substantive defenses, including that CoVantage Credit Union had given its lien to TJZ S Towing LLC without Plaintiff's knowledge or consent, and that a representative of CoVantage had told Plaintiff the lien had already been transferred. Those defenses were not resolved on the merits. Plaintiff left the courtroom before the commissioner concluded the proceeding.

13. After Plaintiff left, the court clerk asked Commissioner Kallgren: "You're allowing the ten day de Novo period though, correct?" Commissioner Kallgren responded: "Yeah. The ten day de Novo period, but she left before I could tell her about that. If she sat down, I — I would have done that. But she didn't, so." Transcript, p. 19.

14. Commissioner Kallgren's own statement on the record establishes that Plaintiff was not verbally informed of the de novo right at the conclusion of the proceeding. The mailed notice of judgment was therefore the sole method by which Plaintiff could have been informed of that right and its ten-day deadline.

## D. The Judgment and Notice Failure

15. On July 29, 2024, the Judgment/Notice of Entry of Judgment (Document 28) was filed and mailed to Plaintiff at PO Box 2151, Appleton, WI 54912 — the address Plaintiff had vacated

when she relocated to Middleton two months earlier. The physical mailing envelope preserved in the record confirms the Appleton address was used. The Middleton address, available in the same case file on the approved Motion for Change of Time, was not used.

16. Plaintiff had filed a USPS change of address from the Appleton address and was receiving forwarded mail at Middleton during this period. Despite those steps, the judgment notice did not reach Plaintiff within the ten-day statutory period. The court directed the sole method of notification to the Appleton address rather than the Middleton address available in its own file. Notice directed to an address the court had been informed was no longer current is not reasonably calculated to reach the interested party. Mullane, 339 U.S. at 314.

17. Because the sole method of notification — the mailed judgment notice — was directed to an address Plaintiff had vacated, Plaintiff did not receive it within the ten-day period required to request trial de novo under Wis. Stat. §799.207. The loss of the de novo right was caused by the court's failure to use the address information in its own possession, not by any act or omission of Plaintiff.

### E. The Judgment's Own Conditional Language

18. The Judgment/Notice of Entry of Judgment (Document 28) states in bold capital letters: THIS IS A FINAL ORDER FOR THE PURPOSE OF APPEAL IF ENTERED BY ORDER OF A CIRCUIT COURT JUDGE. Document 28 was signed by Carrie Brazeau, Clerk of Court — not by a circuit court judge. The Order for Financial Disclosure (Document 29) was signed by Commissioner Kallgren — not by a circuit court judge. No circuit court judge has signed any order entering judgment in this matter. The document's own conditional language is not satisfied by the record.

### F. The De Novo Requests and Denials

19. Plaintiff submitted a written request for court review on or about September 5, 2024. The CCAP docket reflects it was denied by Judge Miller on September 6, 2024. Judge Miller's office mailed that denial to the Middleton address — c/o 1426 Westfield Road, Middleton, WI 53562 — as confirmed by the postmarked envelope dated September 6, 2024. The court therefore demonstrably had and used the Middleton address for that mailing.

20. Plaintiff submitted a second written request for court review on September 19, 2024, denied by Judge Miller on September 20, 2024. That denial was mailed to the Appleton address, as confirmed by the postmarked envelope dated September 23, 2024. The court sent the first denial to Middleton and the second to Appleton — establishing it possessed both addresses while having directed the time-sensitive judgment notice to Appleton.

21. On February 17, 2025, Plaintiff filed a Motion to Vacate the denial of de novo review, citing defective notice and conflicting addresses. Judge Miller denied that motion with the notation: "Defendant's duty to keep court informed of correct address, court not required to [accommodate]."

22. Judge Miller's stated basis for denial — that Plaintiff failed to keep the court informed — is directly contradicted by the filed court record. The CCAP docket confirms the Motion for Change of Time was filed May 29, 2024 and approved May 30, 2024. That document, containing the Middleton address, was in the same case file available to Judge Miller. Furthermore, the court's own conduct contradicts Miller's premise: the court used the Middleton address to mail the September 6, 2024 denial before denying the motion to vacate on the ground that Plaintiff had failed to provide it.

## G. Prejudice

23. The loss of de novo review was not merely procedural. A de novo hearing before a circuit judge would have permitted full presentation of Plaintiff's defenses to the underlying claim, including defenses relating to the lien release and the circumstances of the underlying transaction, which were raised but not resolved on the merits in the abbreviated commissioner proceeding. Commissioner Kallgren's own statement confirms that the proceeding concluded without Plaintiff being informed of the de novo right — the procedural mechanism through which those defenses would have been fully heard. No circuit court judge has ever examined or decided any of those matters.

## H. Exhaustion of State Remedies

24. On March 18, 2026, Plaintiff submitted written notice to the Marinette County Circuit Court identifying the procedural defect. No response was received. On April 10, 2026, Plaintiff filed a formal complaint with the Wisconsin Judicial Commission. The Commission responded by letter dated May 14, 2026, declining to act. State remedies are formally and completely exhausted.

## IV. CONSTITUTIONAL VIOLATION

25. The Fourteenth Amendment provides that no state shall deprive any person of property without due process of law. Due process requires notice reasonably calculated to apprise interested parties of the action and afford them an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The opportunity to be heard must be at a meaningful time and in a meaningful manner. Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

Notice and a meaningful opportunity to be heard are the irreducible constitutional minimum. Grannis v. Ordean, 234 U.S. 385, 394 (1914).

26. The court's own certified transcript establishes that Plaintiff was not verbally informed of the de novo right at the conclusion of the July 12, 2024 proceeding. The mailed judgment notice was therefore the sole method by which Plaintiff could have been informed of the right and its deadline. That notice was directed to the Appleton address rather than the Middleton address available in the same case file. Notice directed to an address the court had been informed was no longer current, when the current address was available in the court's own file, is not reasonably calculated to reach the interested party.

27. A judgment entered without constitutionally adequate notice that deprives a party of the opportunity to be heard is subject to challenge as void or voidable. Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988).

28. The right to be heard before a court of competent jurisdiction is a constitutional right. Wis. Stat. §799.207 provides the procedural mechanism for exercising that right — it does not create it. A statutory window that expired through the court's own failure to use address information in its possession does not constitute a voluntary waiver of the constitutional right. Johnson v. Zerbst, 304 U.S. 458 (1938). A constitutional right cannot be converted into a procedurally conditioned privilege and then extinguished through the regulation. Murdock v. Pennsylvania, 319 U.S. 105 (1943).

29. Judge Miller's denial of relief on a stated basis directly contradicted by the filed court record constitutes the arbitrary application of a procedural bar and denial of meaningful access to the courts. The most recent denial, February 17, 2025, falls within the applicable three-year limitations period. The routing failure that caused the initial deprivation was the same mechanism that prevented timely discovery of the harm, supporting equitable tolling of any earlier accrual dates.

30. Because the state court whose conduct is the source of the constitutional deprivation cannot provide the remedy sought, declaratory relief through that court was unavailable. Injunctive relief against the judicial officer defendant in her official capacity is therefore authorized under 42 U.S.C. §1983.

## V. CLAIM FOR RELIEF

31. Defendant, acting under color of state law, deprived Plaintiff of rights secured by the Due Process Clause of the Fourteenth Amendment, specifically the right to notice reasonably calculated to reach her and the right to a meaningful opportunity to be heard through the de novo

process. As a direct result, Plaintiff suffered loss of the statutory right to circuit court review and ongoing financial harm from enforcement actions premised on a judgment entered without constitutionally adequate notice. No adequate remedy exists at the state level.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

a. Declare that the failure to verbally inform Plaintiff of the de novo right at the conclusion of the July 12, 2024 proceeding, combined with the mailing of the sole written notice to an address the court had been informed was no longer current, deprived Plaintiff of notice reasonably calculated to reach her in violation of the Due Process Clause of the Fourteenth Amendment;

b. Declare that the loss of Plaintiff's right to de novo review under Wis. Stat. §799.207, caused by the court's failure to use address information in its own possession for the sole method of notification, deprived Plaintiff of a meaningful opportunity to be heard in violation of the Due Process Clause;

c. Declare that the denial of Plaintiff's motions to vacate on a stated basis directly contradicted by the filed court record constitutes the arbitrary application of a procedural bar in violation of the Due Process Clause;

*Because the court whose conduct is at issue is itself the source of the constitutional deprivation, declaratory relief through that court was unavailable, and injunctive relief against the judicial officer defendant in her official capacity is therefore authorized under 42 U.S.C. §1983.*

d. Issue injunctive relief staying all enforcement of the judgment and orders issued under it in Case No. 2023SC000777, including the Order for Financial Disclosure (Document 29), pending resolution of the constitutional deprivation identified herein;

e. Grant such further declaratory and equitable relief as the Court deems just and proper.

## VII. PRESERVATION OF CLAIMS

32. The certified transcript of the July 12, 2024 proceeding further reflects statements made by counsel for CoVantage Credit Union regarding the circumstances of the lien release and CoVantage's decision-making process with respect to the collateral. Those matters, and all

claims arising from the towing of Plaintiff's vehicle, the conduct of CoVantage Credit Union, and related conduct by persons acting under color of state law, are preserved for separate filing as the evidentiary record supporting each is established. Their omission from this complaint is not a waiver.

33. Exhaustion of state remedies is not required. Patsy v. Board of Regents, 457 U.S. 496 (1982). Every available state mechanism has been pursued without result, as documented by the Wisconsin Judicial Commission response dated May 14, 2026.

Respectfully submitted,

Sarah Chermak

2782 Cortina Dr.

Madison, Wisconsin 53719

Pro Se Plaintiff

Date July 9, 2026